## UNITED STATES DISTRICT COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| SONJA RENEE T., | Case No.: 2:24-cv-00323-REP |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Pending is Plaintiff Sonja Renee T.'s Complaint (Dkt. 1), appealing the Social Security Administration's denial of her disability claim. This action is brought pursuant to 42 U.S.C. § 1383(c)(3). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. ADMINISTRATIVE PROCEEDINGS

On November 6, 2021, Plaintiff protectively filed an application for supplemental security income, alleging disability beginning November 6, 2021. This application was originally denied on April 25, 2022, and again on reconsideration on October 19, 2022. On or around December 5, 2022, Plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On November 1, 2023, ALJ Jesse Shumway held a telephonic hearing, at which time Plaintiff, represented by her attorney Timothy Wendell Anderson, appeared and testified. Francene Geers, an impartial vocational expert, also appeared and testified at the same hearing.

**MEMORANDUM DECISION AND ORDER - 1**

On December 8, 2023, the ALJ issued a decision denying Plaintiff's claim.  The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff timely requested review from the Appeals Council.  On March 21, 2024, the Appeals Council denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted her administrative remedies, Plaintiff brings this case.  She raises two points of error:  the ALJ (i) disregarded particular aspects of the state agency psychological consultants' prior administrative findings ("PAMFs") without adequate explanation, and (ii) improperly analyzed the consultants' PAMFs in any event.  Pl.'s Brief at 3-9 (Dkt. 15).  Plaintiff in turn requests that the Court reverse the ALJ's decision and remand for further proceedings.  *Id*. at 9.

## II.  <u>STANDARD OF REVIEW</u>

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. §§ 405(g), 1383(c)(3) (applying 42 U.S.C. § 405(g)); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are conclusive.  *See* 42 U.S.C. § 405(g).  If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The standard requires more than a scintilla but less than a preponderance.

MEMORANDUM DECISION AND ORDER - 2

*Trevizo*, 871 F.3d at 674.  It "does not mean a large or considerable amount of evidence."

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to

decide whether it contains evidence that would allow a reasonable mind to accept the

conclusions of the ALJ.  *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.

The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and resolving ambiguities.  *Treichler*, 775 F.3d at 1098.  Where the evidence

is susceptible to more than one rational interpretation, the reviewing court must uphold

the ALJ's findings if they are supported by inferences reasonably drawn from the record.

*Ludwig*, 681 F.3d at 1051.  In such cases, the reviewing court may not substitute its

judgment or interpretation of the record for that of the ALJ.  *Batson v. Comm'r of Soc.*

*Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision will be reversed for legal error.  *Zavalin v. Colvin*, 778 F.3d 842, 845

(9th Cir. 2015).  Considerable weight is given to the ALJ's construction of the Social

Security Act.  *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009).  However, this

Court "will not rubber-stamp an administrative decision that is inconsistent with the

statutory mandate or that frustrates the congressional purpose underlying the statute."

*Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III.  DISCUSSION

**A.     Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must

follow a sequential process in determining whether a person is disabled in general (20

**MEMORANDUM DECISION AND ORDER - 3**

C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594,

416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in

substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

SGA is work activity that is both substantial and gainful.  20 C.F.R. §§ 404.1572,

416.972.  "Substantial work activity" is work activity that involves doing significant

physical or mental activities.  20 C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work

activity" is work that is usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant has engaged in SGA, disability

benefits are denied regardless of her medical condition, age, education, and work

experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant has not engaged in

SGA, the analysis proceeds to the second step.  Here, the ALJ found that Plaintiff has not

engaged in SGA since November 6, 2021, the application and alleged onset date.  AR 22.

The second step requires the ALJ to determine whether the claimant has a

medically determinable impairment, or combination of impairments, that is severe and

meets the duration requirement.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An

impairment or combination of impairments is "severe" within the meaning of the Social

Security Act if it significantly limits an individual's physical or mental ability to perform

basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or

combination of impairments is "not severe" if it does not significantly limit the

claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1522,

416.922.  If the claimant does not have a severe medically determinable impairment or

**MEMORANDUM DECISION AND ORDER - 4**

combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c),

416.920(c).  Here, the ALJ found that Plaintiff has the following severe medically

determinable impairments: "depressive disorder, posttraumatic stress disorder, autism

disorder, and eating disorder."  AR 22-23.

The third step requires the ALJ to determine the medical severity of any

impairments; that is, whether the claimant's impairments meet or equal a listed

impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R.

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered

disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§

404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal one of the

listed impairments, the claimant's case cannot be resolved at step three and the evaluation

proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the ALJ concluded

that Plaintiff's above-listed medically determinable impairments, while severe, do not

meet or medically equal, either singly or in combination, the criteria established for any

of the qualifying impairments.  AR 23-24.

The fourth step of the evaluation process requires the ALJ to determine whether

the claimant's residual functional capacity ("RFC") is sufficient for her to perform past

relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC

is her ability to do physical and mental work activities on a sustained basis despite

limitations from her impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past

relevant work is work she performed within the last 15 years, or 15 years prior to the date

that disability must be established, if the work lasted long enough for the claimant to

**MEMORANDUM DECISION AND ORDER - 5**

learn to do the job and be engaged in SGA.  20 C.F.R. §§ 404.1560(b), 404.1565,

416.960(b), 416.965.  Here, the ALJ concluded:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple, routine, repetitive tasks; she can have no contact with the public; and she can have frequent, superficial contact with coworkers and supervisors.

AR 24-29.

In the fifth and final step, if it has been established that a claimant can no longer

perform past relevant work because of her impairments, the burden shifts to the

Commissioner to show that the claimant retains the ability to do alternate work and to

demonstrate that such alternate work exists in significant numbers in the national

economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see*

*also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such

other work, she is not disabled; if the claimant cannot do other work and meets the

duration requirement, she is disabled.  Here, the Plaintiff has no past relevant work.  AR

57.  The ALJ nevertheless found that Plaintiff was capable of working full-time in the

following occupations: hand packager, laboratory equipment cleaner, and marker.  AR

29-30.  Based on these findings, the ALJ concluded that Plaintiff was not under a

disability from July 31, 2019, the alleged onset date, through the date of the May 3, 2023

decision.  AR 37-30.

**B.    Analysis**

Plaintiff argues that her RFC was incomplete, and therefore not supported by

substantial evidence, because it did not include credible limitations on her ability to

**MEMORANDUM DECISION AND ORDER - 6**

maintain regular attendance.  Pl.'s Brief at 3-7 (Dkt. 15).  Specifically, she argues that the

ALJ erred in finding the state agency psychological consultants' PAMFs "persuasive,"

but then failing to adopt all the limitations in those findings into her RFC determination.

*Id*.  Consequently, she argues that the ALJ's finding that she could perform work

available in significant numbers in the national economy is unsupported because it is

based on vocational expert testimony given in response to a hypothetical premised on an

incomplete RFC.  *Id*. at 7-8.

"A claimant's RFC is what a claimant can still do despite h[er] limitations."

*Moriarty v. Colvin*, 2015 WL 4397913, at *1 (C.D. Cal. July 17, 2015) (citing *Smolen v.

Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996)).  The ALJ bears the responsibility of

"translating and incorporating clinical findings into a succinct RFC."  *Rounds v. Comm'r

Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).  "The ALJ may incorporate the

opinions of a physician by assessing RFC limitations entirely consistent with, but not

identical to, limitations assessed by the physician." *Shana D. v. Comm'r Soc. Sec.*, Case

No. C22-5875-MLP, 2023 WL 3619081, at *2 (W.D. Wash. May 24, 2023).

At steps four and five of the sequential process, the ALJ will use the claimant's

RFC to determine if the claimant can perform past relevant work or, if she cannot,

whether the claimant can perform other work available in the national economy.  20

C.F.R. § 404.1545(a)(5).  In so doing, the ALJ may consult a vocational expert by posing

a hypothetical question, asking whether an individual with the claimant's RFC could

perform claimant's past relevant work or other work existing in significant numbers in

the national economy.  20 C.F.R. § 404.1560(b)-(c).  The ALJ must pose a hypothetical

**MEMORANDUM DECISION AND ORDER - 7**

that reflects all the claimant's limitations, otherwise the resulting vocational expert's

testimony "has no evidentiary value." *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir.

1991); *see Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)

("The hypothetical an ALJ poses to a vocational expert, which derives from the RFC,

must set out all the limitations and restrictions of the particular claimant.  Thus, an RFC

that fails to take into account a claimant's limitations is defective.").  An RFC (and

hypothetical posed to the vocational expert) may be incomplete when the ALJ "accept[s]

concrete evidence of a claimant's limitations" and subsequently "fail[s] to incorporate

such limitation in [the] RFC assessment." *Moriarty*, 2015 WL 4397913, at *2; *see also*

*Bagby v. Comm'r Soc. Sec.*, 606 Fed. App'x 888, 890 (9th Cir. 2015) (reversing and

remanding an ALJ's decision where the ALJ fully credited a medical opinion but failed to

incorporate all the opinion's limitations in the RFC); *Betts v. Colvin*, 531 Fed. App'x 799,

800 (9th Cir. 2013) (holding that an ALJ erred in "according 'the greatest weight'" to a

medical opinion but failing to include limitations identified in that opinion into the RFC).

The issue before the Court is whether the ALJ, having deemed the consultants'

PAMFs "persuasive," was then required to incorporate into Plaintiff's RFC the

limitations identified therein – most notably, their finding that Plaintiff was "moderately

limited" in maintaining regular attendance and punctuality.  Plaintiff maintains that the

ALJ was obligated either to adopt such limitations into a corresponding RFC or to

provide a reasoned explanation for their exclusion.  Pl.'s Brief at 7 (Dkt. 15).  Defendant,

by contrast, asserts that the RFC is "fully consistent" with the consultants' opinions.

Def.'s Brief at 4-5 (Dkt. 17).  Defendant emphasizes that the ALJ restricted Plaintiff to

**MEMORANDUM DECISION AND ORDER - 8**

"simple, routine, repetitive tasks," precluded "contact with the public," and limited her to

only "frequent, superficial contact with coworkers and supervisors." *Id.* The Court

agrees with Plaintiff and clarifies that, although an ALJ is not required to adopt verbatim

every limitation set forth in a medical opinion, even one found persuasive, the ALJ must

articulate a rational and supported explanation when declining to incorporate such

limitations into the RFC.

Here, the consultants determined on initial review and reconsideration that

Plaintiff had the following degree of limitations: (i) mild limitation in understanding,

remembering, or applying information; (ii) mild to moderate limitation in interacting with

others;[1] (iii) moderate limitation in concentrating, persisting, or maintaining pace; and

(iv) mild limitation in adapting or managing oneself. AR 71, 79. Both consultants

additionally opined that Plaintiff was moderately limited in her ability to "perform

activities within a schedule, maintain regular attendance, and be punctual within

customary tolerances." AR 72, 81. In formulating Plaintiff's RFC, the ALJ considered

these conclusions "persuasive." AR 28 ("They are supported by narrative explanations

that are consistent with the overall record that shows despite the claimant's severe mental

impairments, she has maintained a busy work-life lifestyle of caring for numerous

children five to six days a week and still finds time to do adult activities.").

But, as Plaintiff highlights, even though the ALJ was persuaded by these opinions,

he assessed an RFC that did not account for the opined moderate limitation in Plaintiff's

_____

[1] At the initial level, Dr. Mack Stephenson found that Plaintiff had a mild limitation in
interacting with others. AR 71. Upon reconsideration, Dr. J. Michael Dennis found that Plaintiff
had moderate limitations in interacting with others. AR 79.

**MEMORANDUM DECISION AND ORDER - 9**

ability to maintain regular attendance.  Pl.'s Brief at 5 (Dkt. 15).  Plaintiff contends that

the ALJ's failure to adopt or explain his rejection of this particular limitation warrants

remand because, at the hearing, the vocational expert indicated that "most employers

allow an employee to miss eight hours a month, and usually if it's more than that, they're

not able to maintain employment."  *Id*. at 7-8 (citing AR 61-62).  Thus, if Plaintiff's

mental health conditions would cause her to miss more than one day of work per month,

she could not sustain employment under the vocational expert's testimony.  *Id*.

Defendant counters that the ALJ reasonably incorporated the consultants' findings into

Plaintiff's RFC by limiting Plaintiff to simple, routine repetitive tasks; precluding contact

with the public; and restricting her to frequent, superficial contact with coworkers and

supervisors.  Def.'s Brief at 4-5 (Dkt. 17) (*comparing* AR 24 *with* AR 72, 80-82).

Upon review, the Court agrees with Plaintiff that, having assigned persuasive

weight to the consultants' opinions, the ALJ was required to incorporate their moderate

limitations, or otherwise explain why they were not adopted.  The ALJ did neither.  The

ALJ found the consultants' opinions persuasive, but Plaintiff's RFC omits any

attendance-related restrictions.  To be clear, the ALJ was not required to fully credit

every aspect of these opinions.  But once the ALJ accepted them as persuasive, he was

required to account for the moderate limitations assessed, regardless of the broader

reasoning supporting the RFC.  *See Lamar v. Comm'r of Soc. Sec*., 2025 WL 318294, at

*3 (E.D. Cal. 2025) (citing *Harrell v. Kijakazi*, 2021 WL 4429416, at *4 (E.D. Cal.

2021); *see also Wascovich v. Saul*, 2019 WL 4572084, at *4 (E.D. Cal. 2019) ("where the

ALJ accepts the medical assessment of moderate limitations, those limitations must be

accounted for in the RFC.") (citing *Betts*, 531 Fed. App'x at 800).[2]  At bottom, the ALJ

failed to account for this limitation, either by incorporating it into Plaintiff's RFC or

justifying its exclusion from it.

      Moreover, the limitations actually included within Plaintiff's RFC do not

sufficiently account for any moderate limitation in Plaintiff's ability to maintain regular

attendance.  *See Harrell*, 2021 WL 4429416 at *6 (case law "tends to favor the view that

a restriction to simple/routine tasks with limited public contact does not account for the

moderate limitations Dr. Stafford identified in … maintaining regular attendance[ ] and

completing a normal workweek without interruption") (collecting cases); *see also*

*Berenisia Madrigal v. Saul*, 2020 WL 58289, at *5 (E.D. Cal. 2020) (concluding that

limitation to simple, routine tasks with limited peer and public contact did not account for

"moderate limitations completing a normal workday or work week due to her psychiatric

condition").  "This is because a limitation to simple and repetitive tasks addresses

'concentration, attention, persistence, or pace' but would not adequately account for

---

     [2]  Defendant's reliance on *Hoopai v. Astrue*, 499 F.3d 1070 (9th Cir. 2007) on this point is misplaced.  Def.'s Brief at 4-5 (Dkt. 17) ("moderate mental health symptoms finding are not necessarily 'sufficiently severe' enough to 'significantly limit[ ] a claimant's ability to do work beyond the exertional limitations.'") (quoting *Hoopai*, 499 F.3d at 1077).  *Hoopai* addressed whether non-exertional limitations were severe enough at step two of the sequential process to invalidate the ALJ's exclusive use of the grids at step five without the assistance of a vocational expert.  *Hoopai*, 499 F.3d at 1076.  The Ninth Circuit held that substantial evidence supported the ALJ's conclusion that the claimant's depression was not a sufficiently severe non-exertional limitation to require vocational expert testimony.  *Id*. at 1077.  That is not the issue here.  In this case, the ALJ already determined that Plaintiff had multiple severe mental impairments at step two of the sequential process and, at step 5, relied on vocational expert testimony to determine whether Plaintiff's RFC allows her to perform alternate work existing in significant numbers in the national economy.  *See supra*.  Given this context, *Hoopai* does not provide a meaningful "apples to apples" comparison.

**MEMORANDUM DECISION AND ORDER - 11**

'Plaintiff's ability to … maintain regular attendance in the workplace and perform work activities on a consistent basis ....'" *Lamar*, 2025 WL 318294, at *4 (quoting *Donna M. v. Saul*, 2020 WL 6415601, at *4 (N.D. Cal. 2020)).

Ultimately, while Plaintiff's RFC may account for some of Plaintiff's established limitations, it does not address Plaintiff's moderate attendance-related limitations identified by the state agency psychological consultants.  Because the ALJ found the consultants' opinions persuasive, but neither incorporated the attendance-related limitations into Plaintiff's RFC nor explained their omission, the RFC is not supported by substantial evidence.  Accordingly, the Court cannot affirm the ALJ's determination that Plaintiff is not disabled, and remand is warranted.[3]

## C.    The Remedy

When an ALJ's denial of benefits is not supported by the record, district courts possess discretion under 42 U.S.C. § 405(g) to remand for further proceedings or for an award of benefits.  *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1099 (9th Cir. 2014).  The proper course turns on the utility of further proceedings.  A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings and when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision.  *Id.* at 1100.  In most cases, however, remand for additional investigation or explanation is preferred.  *Hill v. Astrue*,

---

[3]  Having found that remand is warranted based on this issue, the Court declines to address Plaintiff's remaining issue.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008).

**MEMORANDUM DECISION AND ORDER - 12**

698 F.3d 1153, 1162 (9th Cir. 2012).  Such remands allow for the ALJ to resolve any outstanding issues in the first instance.

In this case, the ALJ failed to incorporate certain limitations into Plaintiff's RFC or explain why they were excluded from Plaintiff's RFC.  The matter is therefore remanded so that the ALJ may develop the record regarding any functional work restrictions resulting from Plaintiff's attendance-related limitations and to incorporate them into Plaintiff's RFC, or alternatively, to explain why those limitations can be disregarded and to support that explanation with substantial evidence.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Complaint (Dkt. 1) is **GRANTED**, and the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this decision.



DATED:  September 22, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 13**